IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH ELBERT CLEMENTS, #105658,  )
                                  )
            Plaintiff,            )
                                  )
v.                                )     CIVIL ACTION NO. 2:11-CV-560-WHA
                                  )                 [WO]
                                  )
KIM THOMAS, et al.,               )
                                  )
            Defendants.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Joseph Elbert Clements ["Clements"], a state inmate, on July 28, 2011.  In the amended complaint, Clements challenges actions taken against him at the Easterling Correctional Facility.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Clements.   The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action.  Specifically, these documents indicate the defendants did not act in violation of the plaintiff's constitutional rights.  After thorough review of the defendants' report, the court issued an order directing Clements to file a response to the written report. *Order of September 22, 2011 - Court Doc. No. 18*.  This order advised Clements that his failure to respond to the defendants' written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as**

**a failure to prosecute this action**." *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*.  The time allotted Clements for filing a response in compliance with the directives of the aforementioned order expired on October 26, 2011. *Order of October 17, 2011 - Court Doc. No. 20*.  As of the present date, Clements has failed to file a response in opposition to the defendants' written report.  In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case without prejudice is the proper course of action.  Clements is indigent.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Clements has failed to comply with the directives of the orders entered in this case.  It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that on or before November 18, 2011 the parties may file objections to

the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE